**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3479
_____

RONALD GOODE,
                        Appellant

v.

WARDEN CURRAN FROMHOLD CORRECTIONAL FACILITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-00885)
District Judge: Honorable Norma L. Shapiro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2016

Before: AMBRO, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Filed: October 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ronald Goode appeals pro se from the District Court's dismissal of his civil rights action. For the following reasons, we will dismiss the appeal.

Goode brought an action under 42 U.S.C. § 1983 alleging that Appellee, the Warden of Curran Fromhold Correctional Facility, violated Goode's First Amendment rights by denying him Muslim religious services while Goode was housed at Curran Fromhold awaiting trial on state charges. Goode styled his complaint as a class action but no class was ever certified. As relief, Goode requested an injunction allowing the use of facilities for the purpose of engaging in religious practice. His prayer for relief did not request damages, but elsewhere his complaint alleged injuries that he named as public, mental, and emotional.

The District Court eventually dismissed Goode's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted. This appeal followed. After the appeal was docketed, Goode pleaded guilty to certain state offenses and was given a state sentence. He was then transferred from Curran Fromhold to SCI-Graterford.

That change in circumstance deprives us of jurisdiction to hear this appeal. Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III § 2; Flast v. Cohen, 392 U.S. 83, 94 (1968). When the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. Cty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). A

2

change in the circumstances since the beginning of the litigation that precludes any occasion for meaningful relief renders a case moot. Surrick v. Killion, 449 F.3d 520, 526 (3d Cir. 2006). A class action, for its part, may be dismissed when the named plaintiff's claim is rendered moot before filing a motion for class certification. Brown v. Phila. Hous. Auth., 350 F.3d 338, 343 (3d Cir. 2003) ("[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required."). But once a class has been certified, mooting a class representative's claim does not moot the entire action. Sosna v. Iowa, 419 U.S. 393, 399 (1975).

Here, Goode's civil rights case was styled as a class action but was never certified as one before the District Court dismissed Goode's complaint for failure to state a claim. Goode's request for injunctive relief is moot because he is no longer housed at Curran Fromhold. See, e.g., Weaver v. Wilcox, 650 F.2d 22, 27 n.13 (3d Cir. 1981). Goode therefore has no remaining legally cognizable interest in the outcome of the case.[1]

Consequently, we will dismiss the appeal.

---

[1] As noted above, Goode's complaint did not request damages in the prayer for relief. That said, if it had been argued that the public, mental, and emotional "injuries" that Goode named elsewhere in the complaint might have been construed as a prayer for damages, he would still not have been entitled to relief and we would have affirmed the District Court's judgment in that respect. In particular, Goode has no viable claim for damages based on the "injuries" he named because the Prison Litigation Reform Act precludes the recovery of damages for mental or emotional injury absent physical harm, which he did not allege. See 42 U.S.C. § 1997e(e).